UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

LOUIS H. BRIGGS                                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:17-CV-00537-JRW-CHL

OFFICER KATELYN HOGAN, et al.                                        DEFENDANTS

## ORDER

1.   The Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (DN 24).

     a.  The Court **DISMISSES** the Complaint (DN 1) with prejudice.

2.   Plaintiff's Motion to File Supplemental Response (DN 30) is **DENIED**.

3.   Plaintiff's Motion to Exceed Page Limitations (DN 31) is **DENIED**.

4.   Plaintiff's Motion for Leave to Amend Complaint (DN 32) is **DENIED**.

## MEMORANDUM OPINION

In 2014, Officer Katelyn Hogan and Officer Richard Williams say they observed Louis Briggs speeding and driving with expired tags. According to them, during the arrest, Briggs attacked them. They also said they found marijuana on him, plus an 18-inch knife and ammunition in his car.

Hogan testified to these facts in a district court preliminary hearing. The court found probable cause for six of eight charges and referred those counts to a grand jury. The grand jury also found probable cause and indicted Briggs on six counts. Eleven months later, the prosecutor moved to dismiss one of the counts. Eleven months after that, the remaining five counts were dismissed.

Briggs maintained his innocence at all times and he never stipulated to probable cause.  In September 2017, he sued Hogan, Williams, and Louisville-Jefferson County Metro Government.  He alleged violations of the Fourth and Fourteenth Amendments (§ 1983[1]) for false arrest and malicious prosecution against Hogan and Williams.  He also alleged a failure to train claim against Louisville Metro (*Monell*[2]).  Last, he brought state law claims for false imprisonment, negligent and intentional infliction of emotional distress, and malicious prosecution.

Defendants moved for judgment on the pleadings.[3]  (DN 24).  Briggs thereafter moved for leave to file an amended complaint. (DN 32).  Briggs also moved for leave to file a supplemental response and to exceed the page limitation of LR 7.1(d). (DN 30; DN 31).

### State-Law Claims against Louisville Metro and the Officers in Their Official Capacity

The state-law claims against Louisville Metro are barred by sovereign immunity.  "Sovereign immunity is a bedrock component of the American governmental ideal."[4]  It precludes claims against Kentucky based upon both intentional and unintentional torts.[5]  "Louisville Metro is essentially an arm of the Commonwealth" of Kentucky.[6]  As a result, Louisville Metro "is

---

[1] 42 U.S.C. § 1983.

[2] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[3] Fed. R. Civ. P. 12(c) ("After the pleadings are closed. . . a party may move for judgment on the pleadings."). The Court applies the same standard on a motion for judgment on the pleadings as it does on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Association*, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id.* (citing *JPMorgan Chase Bank, N.A. v. Winge*t, 510 F.3d 577, 581 (6th Cir. 2007)).

[4] *Caneyville Volunteer Fire Department  v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 799 (Ky. 2009).

[5] *See Calvert Investments, Inc. v. Louisville & Jefferson County Metropolitan Sewer District*, 805 S.W.2d 133, 139 (Ky. 1991).

[6] *Louisville/Jefferson County Metro Government v. Cowan*, 508 S.W.3d 107, 109 (Ky. App. 2016).

entitled to sovereign immunity . . . and is thus absolutely immune from suit,"[7] as are Hogan and Williams in their official capacities.[8]

### *Monell*; False-Imprisonment; Intentional-Infliction-of-Emotional Distress

The Court will next dismiss Briggs's *Monell* claim and his state law claims for false imprisonment and intentional infliction of emotional distress.  In his response to the Defendants' motion on the pleadings, Briggs does not address the arguments for dismissing these claims. Accordingly, Briggs has conceded these claims should be dismissed.[9]

### Remaining Claims

Briggs's remaining claims are §1983 claims for malicious prosecution and false arrest and state law claims of malicious prosecution and negligent infliction of emotional distress against Hogan and Williams in their individual capacities.  Because Briggs's Complaint contains only conclusory allegations and non-specific statements, these remaining claims are dismissed.[10]

*Twombly*[11] and *Iqbal*[12] interpreted Federal Rule of Civil Procedure 8(a)(2) to require more than:

- "bare assertions";[13]

- "naked assertions devoid of further factual enhancement";[14]

---

[7] *Id.*

[8] *See Commonwealth of Kentucky Board of Claims v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) ("official capacity claims are in essence. . . claims against the county").

[9] *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) ("The district court correctly noted, however, that [the plaintiff] abandoned those claims by failing to raise them in his brief opposing the [defendant's] motion to dismiss the complaint.").

[10] Briggs's response references video recordings. These recordings are not appropriate for consideration under Rule 12(c) without converting the motion to a motion under Rule 56, which we decline to do.  *See* Fed. R. Civ. P. 12(d).

[11] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[13] *Id*. at 681.

[14] *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up).

- "an unadorned, the-defendant-unlawfully-harmed-me accusation";[15]

- "labels and conclusions";[16]

- "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[17]

The most specific allegations Briggs makes are that Hogan and Williams lied and fabricated evidence.  But he doesn't specify what they lied about.  Nor does he say what evidence they fabricated.  These are "no more than conclusions," which "are not entitled to the assumption of truth."[18]

Briggs's also generally says he was innocent.  But that doesn't mean his arrest and prosecution were illegal.  He doesn't allege any specific facts indicating that Hogan and Williams lacked probable cause.  Probable cause is a much lower standard than guilt beyond a reasonable doubt.[19]  Even if Briggs was innocent, there may still have been probable cause for his arrest and prosecution.

Without specific facts in the complaint alleging that no probable cause existed, the court is left with "mere conclusory statements."  So while it's *possible* lies and evidence tampering led to Briggs's arrest and prosecution, it's not *plausible* based on the vague allegations in the complaint. Disregarding his legal conclusions, and given the "more likely explanations"[20] for why prosecutors dropped his case — they may have believed their time was better spent on other prosecutions or

---

[15] *Id*.

[16] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[17] *Id*.

[18] *Id*. at 679.

[19] A "'probable cause determination . . .  does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands.'" *Jones v. Clark County, Kentucky*, 959 F.3d 748, 757 (6th Cir. 2020) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 121 (1975)).

[20] *Iqbal*, 556 U.S. at 681.

that a jury wouldn't convict — Briggs's non-specific assertions "do not plausibly establish"[21] that any Defendant did anything wrong.[22]

Because Briggs has failed to allege specific facts showing that Hogan and Williams lied, fabricated evidence, or lacked probable cause to arrest or prosecute him, the federal and state malicious prosecution claims and federal false arrest claim are dismissed.[23]  And because his negligent infliction of emotional distress claim is premised on his malicious prosecution and false arrest claims, this claim must be dismissed, too.

## Briggs's Motion to Exceed the Page Limit

After filing his response to Defendants' motion, Briggs moved for leave to a supplemental 65-page memorandum in opposition and moved for leave to exceed the page limitation of LR 7.1(d), which limits responses to 25 pages.[24]  (DN 30; DN 31).  Briggs' initial response was 20 pages, so he is effectively seeking to file a collective response totaling 85 pages.[25]  In comparison, Defendants' memoranda in support and reply together consist of 22 pages. This is not a reasonable request.

Further, in his supplemental response, Briggs cites to the video recordings of the court proceedings in his criminal case and a video from the officers' cruiser.  Briggs also attached his

---

[21] *Id.*

[22] This section discussed Briggs's remaining claims.  But Briggs's non-specific assertions also don't plausibly establish any Defendant did anything wrong with regard to the previously dismissed claims that Briggs conceded.

[23] *See Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005) (citing *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (a federal malicious prosecution claim requires a showing "that there is no probable cause to justify an arrest or a prosecution"); *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (citations omitted) (under the Fourth Amendment, a defendant has a "right to be arrested only upon probable cause."); *Martin v. O'Daniel*, 507 S.W.3d 1, 11 (Ky. 2016) (a Kentucky malicious prosecution requires a showing that "the defendant acted without probable cause").

[24] Briggs' motion misstates the page limitation of the current version of LR 7.1(d).  The current version limits responses to 25 pages.  *See* LR 7.1(d).

[25] Both Briggs' response and the supplemental response also contain text in less than 12-point font, which violates LR 5.2.

affidavit in support of the supplemental response.  The video recordings and affidavit, however, are outside of the pleadings, and cannot be considered in ruling on Defendants' 12(c) motion.

For these reasons, the Court will deny Briggs' motion for leave to file a supplemental response.

### Briggs's Motion to Amend

Last, Briggs moves for leave to amend the Complaint.  (DN 32).  Defendants oppose this motion as untimely because the deadline for filing amended pleadings was March 31, 2019.  (DN 15).

As the Sixth Circuit has noted, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."[26]

Briggs has failed to satisfy the initial threshold requirement of proving good cause. Plaintiff's motion, however, was not filed until February 26, 2020, nearly one year later after the deadline.  Briggs offers no explanation for his late motion. Because Briggs failed to show good cause for his belated motion, the motion is denied.[27]

\*       \*       \*

Defendants' motion is **GRANTED**, and Plaintiff's motions are **DENIED**.

Justin R Walker, District Judge
United States District Court

8/25/2020

---

[26] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[27] *See Wilson v. Wal-Mart Stores E., LP*, No. 4:11-CV-00148-JHM, 2013 WL 2607113, at \*4 (W.D. Ky. June 11, 2013) ("The Court finds that [the plaintiff] has not sufficiently shown good cause so as to permit the amendment of the Scheduling Order.  [The plaintiff] has offered no evidence demonstrating its diligence in attempting to meet the case management order's requirement.").